IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRIAN CALLAHAN<br>5384 E. 111th Street<br>Garfield Heights, OH 44125<br><br>              Plaintiff<br><br>v.<br><br>SWENSONS DRIVE-IN<br>RESTAURANT, LLC dba SWENSONS<br>DRIVE-IN<br>680 E. Cuyahoga Falls Avenue<br>Akron, OH 44310<br><br>*also serve:*<br>Statutory Agent:<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>              Defendant | CASE NUMBER:<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff Brian Callahan ("Plaintiff"), by and through counsel, for his Complaint against Defendant Swensons Drive-In Restaurant, Inc. dba Swensons Drive-In ("Swensons) and states as follows:

1. Plaintiff is a resident of Garfield Heights, Cuyahoga County, Ohio.

2. Defendant Swenson is an Ohio corporation with its headquarters located in Akron, Ohio.

3. The events giving rise to this matter occurred at Swensons, 7635 Broadview Road, Seven Hills, Cuyahoga County, Ohio location.

4. The Court has original jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. §§ 1331 by Title VII of the Civil Rights Act of 1964.

5. This Court has personal jurisdiction over Defendant because it is a resident of this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. On or around June 2019, Plaintiff began working for Defendant at its 7635 Broadview Road, Seven Hills, Ohio location.

8. While employed, a female co-worker Ashleigh Miller, liked Plaintiff and wanted to date him.

9. Plaintiff's supervisor, Kaleigh Koch, and other co-workers continually pressured Plaintiff he should date the co-worker.

10. Plaintiff declined her requests to date him and said he did not date co-workers.

11. Defendant's employees continued to pressure Plaintiff to date her, and he was thereby forced to tell him that he was gay to stop the harassment.

12. Thereafter, Kaleigh Koch wanted to become girlfriends with Plaintiff and would frequently talk about the sexual relations of Defendant's employees.

13. Kaleigh Koch more than once slept with subordinate co-workers and then would tell Plaintiff.

14. Kaleigh Koch told Plaintiff that she wanted to have sexual relations with a co-worker's boyfriend.

15. Plaintiff told the co-worker what Kaleigh Koch had said about wanting to sleep with her ex-boyfriend.

16. On or around March 29, 2020, Kaleigh Koch found out that Plaintiff told the co-worker about her [Kaleigh's] desire to sleep with the ex-boyfriend of the co-worker and Kaleigh became enraged.

17. Around June 25, 2020, while working, the co-worker that Plaintiff refused to date requiring him to tell co-workers he was gay, had "shake base" on her uniform. Plaintiff told her "You have shake base on your ass."

18. The co-worker complained to Kaleigh Koch who in turn told Rindt Jones, the CLE Curb Manager about the incident in retaliation and exaggerated the alleged sexual harassment.

## Sex Discrimination

19. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth above.

20. Plaintiff is a member of a protected class based on his sexual orientation.

21. Defendant by and through its employees knew Plaintiff was a member of a protected class.

22. Defendant by and through its employee(s) subjected Plaintiff to harassment which negatively impacted the terms of his employment.

23. Defendant's harassment towards Plaintiff by and through its employee(s) was pervasive and severe.

24. Defendant acted directly to engage in adverse employment action against Plaintiff which resulted in her termination.

25. Defendant harassment was based on Plaintiff's sexual orientation.

26. The action alleged herein constitutes discrimination against Plaintiff based on sex in violation of Title VII of the Civil Rights Act of 1964.

27. As a direct and proximate result of Defendant's discriminatory conduct, and in the retaliatory discharge of Plaintiff, as alleged herein, Plaintiff has been damaged in an amount in excess of twenty-five thousand dollars ($25,000.00).

28. As a further direct and proximate result of Defendants' conduct, Plaintiff incurred severe economic hardship (including but not limited to loss of income and other benefits), pain and suffering, humiliation, damage to his reputation, severe emotional distress, and the loss of enjoyment of life.

WHEREFORE, Plaintiff Brian Callahan requests the following relief be awarded in her favor and against Defendants, jointly and severally:

a. Damages in excess of $25,000, the full amount of which will be proven at trial, to cover all loss and damages to Plaintiff including back pay, front pay, benefits, overtime compensation, etc.;

b. Punitive damages;

c. Court costs, expenses, and reasonable attorney fees; and

d. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
KATHERINE S. KNOUFF (0085566)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills, OH 44092
Ph:  (216) 348-1700
Fax: (216) 621-0602
E-mail: dfogarty@davisyoung.com
            kknouff@davisyoung.com
*Attorneys for Plaintiff*